## RECOVERY BARRED BY FORMER ADJUDICATION AS TO NEGLIGENCE.

Circuit Court of Cuyahoga County.

ABBIE A. JOHNSON, ADMINISTRATRIX, v. THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

Decided, January 11, 1909.

*Action for Wrongful Death Barred by Action for Personal Injuries by Decedent.*

Where an action for personal injuries had been begun by a decedent and prosecuted to judgment by his administrator after his death, it is a bar to another action by the administrator for wrongful death of decedent resulting from the same injuries as those upon which the previous suit was predicated.

*Edward S. Meyer,* for plaintiff.
*Cook, McGowan & Foote,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This was an action for death by wrongful act which resulted in a verdict and judgment for the defendant, by direction of the court, because of former adjudication of the issue of negligence between the same parties in an action for personal injuries brought by the plaintiff's decedent in his lifetime and upon his death prosecuted to final judgment, after revivor in the name of his personal representative, who is also the plaintiff here. In that action the jury rendered a verdict for the defendant, upon the merits, and the judgment rendered upon that verdict was set up by answer as a bar to the maintenance of the second action, which was for wrongful death.

The parties to both actions are identical, and the issue of negligence in both cases the same. It is urged, however, that the administratrix in the second case sued in a different right, representing the widow and children as next of kin of the decedent, for damages sustained by them in consequence of his death, whereas in the first action the administratrix maintained her action for the benefit of the estate of said decedent and those

who as creditors or distributees might be interested therein for the recovery of damages sustained by the injured person.

The decedent left a widow and children, who alone are interested in the avails of any recovery for the death by wrongful act.

In the former case the same persons were all likewise interested as distributees of the decedent's estate, although it is true that the assets of the estate produced by any recovery in that action might all be consumed in satisfying the debts, if any, of the estate. It follows, therefore, that in both cases the administratrix in fact represents the same persons, who seek to benefit by recoveries founded upon one and the same act of negligence as the proximate cause of a single bodily injury, giving rise, when death ensued, to two distinct rights of recovery.

The gist of each case is the wrongful act complained of, and its wrongfulness can not be twice litigated by or for the benefit of the same persons.

The judgment in the first case is conclusive upon all parties concerned in the determination of this issue.

We hold, therefore, that the defence of former adjudication was rightly allowed and the judgment below is affirmed.